# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIYEONDREA MCGLOTHIN, ABSALOM MASON, ZEPHYARIAH MASON; MALIA MASAON by next of friend TIYEONDREA MCGLOTHIN; and JANETTA SCONIERS, <br><br> Plaintiffs, <br><br> v. <br><br> MARIO SANTOS, et al., <br><br> Defendants. | 1:08cv1290 LJO GSA <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION <br><br> ORDER DISMISSING CASE <br><br> (Document 8, 12, 15, 16) |

A.  Introduction

Plaintiffs Tiyeondrea McGlothin and Janetta Sconiers ("Plaintiffs") are proceeding pro se and in forma pauperis in action filed on September 2, 2008.[1] Plaintiffs allege numerous causes of action based upon Plaintiff McGlothin's eviction from low income housing located at 1603 West Orleans Avenue, Fresno CA 93706.

On December 8, 2008, the Magistrate Judge issued Findings and Recommendation that the action be DISMISSED WITHOUT LEAVE TO AMEND. (Doc. 8).   The Findings and

---

[1] Absalom Mason, Zephyariah Mason, and Malia Mason are listed as additional Plaintiffs by their next of friend, Plaintiff Tiyeondrea McGlothin.  These Plaintiffs are the minor children of Tiyeondrea McGlothin.  However, the Magistrate Judge found that these Plaintiffs were not properly named Plaintiffs since Plaintiff McGlothin may not be their guardian et litem/next of friend in this action. This Court agrees with that determination and consequently has not listed these Plaintiffs in this decision.

1

Recommendations was served on all parties and contained notice that any objections were to be filed within thirty (30) days. On January 14, 2009, pursuant to Plaintiffs' request, the Magistrate Judge granted Plaintiffs an additional thirty (30) days to file objections.

On February 13, 2009, Plaintiffs McGlothin and Sconiers filed a brief in support of a temporary restraining order and order to show cause re: preliminary injunction (Doc. 12), the declarations of Ralston L. Courtney and Plaintiff McGlothin in support of the request for temporary restraining order (Docs. 13 and 14), objections to the Findings and Recommendations (Doc. 15), and a first amended complaint (Doc. 16). The court construes Plaintiffs' request for a temporary restraining order and order to show cause re: preliminary injunction as a request for a temporary restraining order ("temporary restraining order").

II.     Discussion

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. A review of the document entitled "OBJECTION TO MAGISTRATE'S FINDINGS AND RECOMMENDATION" reveals that Plaintiffs are seeking leave to file an amended complaint. The court has reviewed the amended complaint and has determined that leave to amend the complaint will not be granted.

The Findings and Recommendations concluded that the Plaintiffs failed to state a claim and/or failed to state a basis for subject matter jurisdiction in this Court. The Court finds that the Findings and Recommendation is supported by the record and proper analysis and that the amended complaint does not remedy the deficiencies outlined in the complaint. Moreover, Plaintiffs will not be permitted to bypass the determinations of the Court with respect to adequacy of the claims pled in the original complaint. Since the court has not given Plaintiffs leave to amend, the motion for temporary restraining order is prematurely filed and is DENIED.

Additionally, as noted in the Findings and Recommendation, the Court has concerns that the complaint and the amended complaint suggests that Plaintiff Sconiers brings this action with malice and in the absence of good faith in an attempt to vex the administrative Defendants who ruled against her. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); See Wright

v. Newsome, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981); Ballentine v. Crawford, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. See Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

      This is Plaintiff Sconiers' fifth action brought in pro se and in forma pauperis before this court.[2] Sconiers' complaints share a common thread - they are brought against a multitude of state officials and allege endless causes of action for what she perceives to be fraudulent actions against her in the denial of state or federal benefits. It is becoming apparent to this court that Plaintiff Sconiers is taking advantage of her in forma pauperis status to file multiple meritless lawsuits.

      Finally, the court has concerns regarding the veracity of the declaration of Ralson L. Courtney dated August 15, 2008 submitted by both Plaintiffs in support of their request for temporary restraining order. (Doc. 14). While this document has not served as the basis of this Court's decision, Plaintiffs are advised that filing fraudulent or false documents with the court is a serious offense that can result in civil and/or criminal penalties.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for temporary restraining order is DENIED;
2. The Findings and Recommendation dated December 8, 2008 is ADOPTED IN FULL; and

---

[2] In addition to this action, Plaintiff Sconiers has filed several cases in this district including 1:06cv1260 AWI LJO, 1:07cv972 AWI DLB, 1:08cv1288 LJO SMS and 1:08cv1289 OWW DLB. The Court first questioned Plaintiff Sconiers intentions in the September 27, 2006, order dismissing her complaint with leave to amend in 1:06cv1260 AWI LJO. There, the court stated, "This court is concerned that plaintiff has brought this action in absence of good faith and attempts to vex defendants because they investigated plaintiff for fraud. Such attempt to vex defendants provides further grounds to dismiss plaintiff's complaint."

1      3.    The action be DISMISSED;

2    This terminates this action in its entirety.

5 IT IS SO ORDERED.

6 **Dated:**   February 24, 2009           /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE